**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH GANLEY,<br>Plaintiff,<br>v.<br>CITY OF SAN DIEGO,<br>Defendant. | Case No.: 16cv518-MMA (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**<br><br>[Doc. Nos. 6 and 9] |

Plaintiff Deborah Ganley ("Officer Ganley") filed this putative class action against Defendant City of San Diego ("the City") in the Superior Court of the State of California for the County of San Diego, alleging marital status discrimination in violation of California Government Code section 12940(a). The City removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Officer Ganley moves to remand the case to state court. *See* Doc. No. 9. The City moves to disqualify plaintiff's counsel from representing Officer Ganley and the putative class of City employees. *See* Doc. No. 6. On May 24, 2016, the parties appeared before the Court for a hearing on the motions. *See* Doc. No. 25. Prior to the hearing, the Court issued tentative rulings denying the motion to remand without prejudice and denying the motion

to disqualify plaintiff's counsel. *See* Doc. No. 24. Having considered the submissions of the parties and the oral arguments of counsel, the Court **GRANTS** Officer Ganley's motion to remand and **DENIES** the City's motion to disqualify plaintiff's counsel.

## BACKGROUND

Deborah Ganley is a police officer employed by the City of San Diego. City employees receive a variety of employment-related benefits. Among these benefits is a defined benefit retirement plan administered by the San Diego City Employee Retirement System ("SDCERS") and governed by San Diego Municipal Code Sections 24.0100, *et seq*. Upon retirement, retirees have several options from which they must choose with respect to the payment of retirement benefits after death. One of the options is the surviving spouse benefit codified in San Diego Municipal Code section 24.0601, the policy challenged in this case.

In 2015, Officer Ganley elected to enter the City's Deferred Retirement Option Program ("DROP"). City employees who enter DROP continue their employment and continue to earn their salary. Officer Ganley was single at the time she entered DROP. Officer Ganley alleges that the substitute benefit to which she is entitled under San Diego Municipal Code section 24.0601(e) is worth at least $50,000 less than the surviving spouse benefit received by similarly situated married employees under San Diego Municipal Code section 24.0601(c). Ganley further asserts that the City intended to discriminate against unmarried employees by providing higher compensation to married employees in the form of the more valuable surviving spouse benefit, which the City has intentionally maintained at all times since 1971.

On January 6, 2016, Officer Ganley filed this purported class action against the City in San Diego County Superior Court, alleging a single cause of action for marital status discrimination in violation of California Government Code Section 12940(a). Officer Ganley purports to represent a class consisting of "all those persons who are or were City of San Diego employees, vested in SDCERS, who were or will be unmarried at the time of their retirement and who have received, or will receive, compensation less

than their married counterparts." *Complaint* ¶ 16. On March 1, 2016, the City removed the action to federal court pursuant to CAFA. *Notice of Removal* at 1.

## DISCUSSION

Officer Ganley moves to remand this action to state court, arguing that the City has not established the jurisdictional requirements of CAFA. In the alternative, Officer Ganley asserts that the "home state" and "local controversy" exceptions apply to CAFA's grant of removal jurisdiction in this case. Officer Ganley also seeks attorney's fees and costs based on the City's allegedly improper removal of this action. The City opposes the motion, arguing that it has established that CAFA jurisdiction exists. The City further contends that Officer Ganley fails to meet her burden to demonstrate that either exception to CAFA jurisdiction applies here.

In addition, the City moves to disqualify plaintiff's counsel from representing Officer Ganley and the putative class of unmarried current and former City employees. The City argues that the Court should rule on the disqualification motion prior to considering Officer Ganley's remand motion, to determine whether plaintiff's counsel is qualified to represent her and the purported class in these proceedings. However, in order to rule on the City's disqualification motion, the Court must have subject matter jurisdiction over this action. Therefore, the Court first considers whether CAFA jurisdiction exists.

### ***1. CAFA Jurisdiction***

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.' 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The "propriety of removal" in this case arises under "CAFA[, which] gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

Neither party disputes that minimal diversity exists, and the number of putative class members exceeds 100. In addition, the Court affirms its tentative finding that CAFA's $5 million amount in controversy requirement is met in this case. The City demonstrates by a preponderance of the evidence that the amount in controversy exceeds $5 million. For example, on December 2, 2015, approximately one month prior to filing this lawsuit, plaintiff's counsel penned a settlement demand letter proposing "that the City conditionally agree to pay $10 million (less than one-third of its admitted exposure) to resolve these retroactive claims, subject to approval by the court in a class action settlement." *See Notice of Removal*, Ex. B. Meanwhile, Officer Ganley submits no evidence to counter the City's plausible estimation of the amount in controversy. *Dart Cherokee*, *supra*, 135 S. Ct. at 554-55. Accordingly, CAFA's jurisdictional requirements are met.

***2. Disqualification of Counsel***

Satisfied that it has subject matter jurisdiction over this action, the Court next considers the City's motion to disqualify plaintiff's counsel from representing Officer Ganley and the putative class of City employees. Since at least 2002, plaintiff's counsel has represented City employees in state and federal actions, alleging claims that the survivor benefits in the City's retirement plan discriminate against women on the basis of gender, and against all unmarried City employees on the basis of marital status. According to the City, "this class action has endured now for 15 years. It has spawned four separate lawsuits, countless motions, two appeals, and a mandamus petition. The common-denominator to this saga has been the attorneys who have sought to represent the putative class. The unethical lengths to which they have gone in pursuit of their own pecuniary gain at the expense of the putative class warrant their disqualification." *City's Memo*. at 1. The City contends that the "conduct meriting disqualification arises from [plaintiff's counsel's] repeated offers to restrict their practice of law and prospectively

waive conflicts of interest in exchange for payment of upwards of $650,000 in attorneys' fees to settle the Wood State Action." *Id*. at 4.

Specifically, in November 2014, after abandoning the putative class claims, plaintiff's counsel proposed a settlement of a case filed by plaintiff Janet Wood in state court ("the Wood State Action"), whereby: 1) Ms. Wood would dismiss her complaint with prejudice; 2) the City would pay Ms. Wood $68,000; 3) the City would either agree to binding arbitration on the issue of attorneys' fees and costs not to exceed $650,000 or the City would simply pay $650,000; and 4) the City would retain plaintiff's counsel on a limited basis so as to create a conflict of interest preventing him from representing members of the putative class. Ultimately, the City settled with Ms. Wood, on the basis of the first two terms – the City paid Ms. Wood $68,000 and she dismissed her case. Plaintiff's counsel did not receive any attorney's fees in the settlement, and the City never considered any sort of retainer agreement with plaintiff's counsel. Nonetheless, according to the City, plaintiff's counsel's conduct during the Wood State Action settlement negotiations violated Rule 3-310(C) and Rule 1-500(A) of the California Rules of Professional Conduct.

Officer Ganley opposes the City's motion, asserting that "the City's vengeful, 831-page motion for disqualification defames two attorneys of good standing, who have collectively practiced law for 70 years without any professional discipline." *Ganley Opp*. at 1. Officer Ganley contends that the City lacks standing to seek disqualification of opposing counsel in the absence of any "demonstrable harm to the City's interests." *Id*.

"Motions to disqualify counsel are governed by state law." *See Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."). In this District, "the standards of professional conduct required of members of the State Bar of California" have been "adopted as standards of professional conduct of this court." CivLR 83.4.b. In turn, the State Bar of California has adopted the California Rules of

Professional Conduct to regulate professional conduct of members of the State Bar through discipline.

As relevant here, California Rule of Professional Conduct 3-310(C) provides:

> [A] member shall not, without informed written consent of each client, (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

In California, a concurrent or simultaneous conflict of interest under Rule 3-310(C) generally leads to automatic disqualification. *See Flatt v. Superior Court*, 9 Cal. 4th 275 (1994). However, the Ninth Circuit has recently determined that "California law does not require automatic disqualification for simultaneous conflicts of interest in class actions." *Radcliffe v. Hernandez*, 2016 U.S. App. LEXIS 5691, at *24 (9th Cir. Mar. 28, 2016). The party seeking disqualification bears the burden of establishing the existence of a disqualifying conflict of interest by a preponderance of the evidence. *H.F. Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1452 (1999).

The Court tentatively found that the City lacks standing to move for plaintiff's counsel's disqualification. Indeed, "[t]he majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal. 1999); *see also Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."). Even assuming the City has standing, the Court finds that disqualifying plaintiff's counsel from representing Officer Ganley in the current litigation, based on purported past ethical breaches in other litigation, is not appropriate at this time. This is true particularly in light of the murkiness that the putative class action context lends to the analysis, and the fact that the City

presents no evidence that plaintiff's counsel has actually received personal remuneration at the expense of the putative class of City employees counsel continues to represent. Two out of the three previous lawsuits in which plaintiff's counsel represented City employees were dismissed on their merits in favor of the City. The Wood State Action settled, but plaintiff's counsel received no attorney's fees in that settlement. To the extent plaintiff's counsel has practiced in a manner that appears to conflict with the interests of the class of City employees in this case, that conduct has not yet yielded any actual benefit to counsel nor any demonstrable prejudice to Officer Ganley or the putative class.

Accordingly, the Court **DENIES** the City's motion to disqualify plaintiff's counsel without prejudice.

***3. Exceptions to CAFA Jurisdiction***

Based on plaintiff's counsel's current fitness to represent Officer Ganley and the putative class, the Court considers Officer Ganley's alternative argument for remand of this action to state court. Even if the Court has jurisdiction under CAFA, Officer Ganley asserts that both the "local controversy" and "home state" exceptions apply, and therefore the Court must remand the case.

A plaintiff whose putative class action has been removed to federal court under CAFA may obtain a remand to state court under any of three exceptions to the district court's subject matter jurisdiction under CAFA. 28 U.S.C. § 1332(d)(3), (d)(4)(A), (d)(4)(B). Officer Ganley invokes two of these exceptions. The "local controversy" exception provides that a federal district court "shall decline to exercise [removal] jurisdiction . . . over a class action in which," *inter alia*, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and at least one defendant is "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i). Under the "home state" exception to CAFA, a "district court shall decline to exercise jurisdiction . . . if two-thirds or more of the members of all proposed plaintiff classes in the aggregate,

and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B). A plaintiff seeking remand has the burden of showing that one of the exceptions applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

As noted above, Officer Ganley relies upon the home state and local controversy jurisdictional exceptions under CAFA to support her remand request. For either exception to apply, Officer Ganley must establish that greater than two-thirds of prospective class members were citizens of California as of the date this case became removable. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013) ("Citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of the filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction."). The City argues that Officer Ganley has not met her burden.

Officer Ganley asserts that she "has shown by uncontradicted relevant evidence that the defendant and 97.5 percent of the putative class are California citizens." *Ganley Reply* at 5. Officer Ganley's evidence consists of information she obtained pursuant to a California Public Records Act request, in which the City confirmed that it has 11,172 employees, and that all but eight of them "permanently reside in California." The City contends that this evidence is insufficient, noting that Officer Ganley must establish both United States citizenship and domicile of the putative class members. The City argues Officer Ganley has put forth no evidence regarding the class members' citizenship. The City further asserts that the data Ganley obtained pursuant to her public records request was based on City employees' residential mailing addresses, which do not establish domicile.

For diversity jurisdiction purposes, a natural person is a citizen of a state if he or she is a citizen of the United States, and the state is her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]here must ordinarily be at

least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon*, 736 F.3d at 884. However, "[t]he burden of proof placed upon a plaintiff should not be exceptionally difficult to bear," and "district courts are permitted to make reasonable inferences from facts in evidence . . ." *Id*. at 886. In addition, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile." *Id*. at 885.

The Court affirms its tentative finding that under *Mondragon*, Officer Ganley has not met her burden of proving that more than two-thirds of the putative class are California citizens. However, Officer Ganley has presented some evidence that the vast majority of the class is comprised of California citizens. When the Court considers this evidence together with the statutory hiring requirements imposed by state and federal law on the City of San Diego, it seems reasonable to infer that at least one-third of the putative class of City employees are California citizens. Therefore, "in the interests of justice and looking at the totality of the circumstances," the Court declines jurisdiction over this case pursuant to the third exception to CAFA jurisdiction codified in Section 1332(d)(3).

In CAFA cases in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate," and "the primary defendants," are citizens of the State in which the action was filed, a court may decline to exercise jurisdiction over the case. 28 U.S.C. § 1332(d)(3). In making this determination, courts are charged with considering the following factors:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3)(A)-(F).

The six factors set forth above weigh in favor of remand. Officer Ganley's claims do not involve matters of national interest. Her challenge to the City's retirement benefits plan is of primarily local concern to the employees and residents of the City of San Diego. Her claims arise under California state law and she asserts no federal cause of action. Officer Ganley brought suit in San Diego County Superior Court, in a forum with a direct connection to the putative class and the allegations. No other state has an interest in this litigation comparable to California's, and no other class action involving similar claims has been filed in federal court during the previous three-year period.

Accordingly, based on the totality of the circumstances and the interests of justice, the Court exercises its discretion to decline jurisdiction over this case pursuant to the jurisdictional exception to CAFA set forth in Section 1332(d)(3).

Finally, the Court denies Officer Ganley's request for attorney's fees and costs under 28 U.S.C. § 1447(c). The Court affirms its tentative finding that the City did not lack an objectively reasonable basis for removing this case to federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## CONCLUSION

Based on the foregoing, the Court **DENIES** the City's motion to disqualify plaintiff's counsel, **GRANTS** Officer Ganley's motion to remand, and **REMANDS** this action to state court.

**IT IS SO ORDERED**.

DATE: June 15, 2016

HON. MICHAEL M. ANELLO
United States District Judge